Pearson, J.-
 

 We think there was error in rejecting.the testimony offered. That the question is proper in the abstract, is settled by the case of
 
 The State
 
 v.
 
 Boswell,
 
 2 Dev. 209. In fact the perjury charged and which the defendant attempted to prove in justification, was an answer to this very question. After the jury had heard' from witnesses, called by the defendant, that, from Brady’s general character, as they believed it to be, they would not believe him on oath, it was clearly right, that th& plaintiff should be allowed to prove, by other witnesses, that from Brady’s general character, as they believed i.fc to be, they would believe him on oath.. This was the very point, upon which the plea of justification turned.
 

 The defendant says, that his being allowed to ask im* proper questions, without objection, was no reason why the plaintiff should be allowed to do so, when objection was made. That is true ; but it assumes that the question was improper, whereas, we think, the question was proper and pertinent, and bore upon the very gist of the issue. For, if the plaintiff was able to call one or more witnesses, who would swear, that they were acquainted with the character of Brady, and that, from that general character, they would believe him on oath, it is hard to conceive, how a jury could say, that the plaintiff had sworn knowingly and corruptly false, unless they believed the witnesses, called by him, also swore falsely.
 

 Per Curiam.
 

 Judgment reversed and
 
 venire- de novo„